UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GMA ACCESSORIES, INC.,

                Plaintiff,

                                        **COMPLAINT**

     - against -                                     ECF case

UNICOLORS, INC.,

                Defendant.
----------------------------------------------------------------X

Plaintiff, GMA ACCESSORIES, INC. (hereinafter "GMA") brings this complaint against Defendant UNICOLORS, INC. (hereinafter "UNICOLORS") for a Declaration that Wal-Mart, Inc. and Rue 21, Inc. has not violated the Copyright Act with respect to design EC878. GMA alleges upon information and belief as follows:

## NATURE OF THE CASE

On October 27, 2015, UNICOLORS accused two of GMA's customers Wal-Mart Stores, Inc. and Rue 21, Inc. of violating the Copyright Act with respect to design EC878 which Unicolors claims to own. In letters written to the two retailers, UNICOLORS did not indicate that it owns a Copyright to the design nor did it provide a Copyright to any original design from which design EC878 could be construed as a derivative work. Instead, UNICOLORS threatened to sue both of GMA's important customers unless GMA paid over to UNICOLORS the full amount of damages that UNICOLORS would be awarded in a copyright infringement case, in the event UNICOLORS owned a Copyright to the design and was able to prove copying. This matter has been open for six months now, UNICOLORS has not initiated litigation, and the matter is causing GMA loss of goodwill in the market and with respect to the

two customers that UNICOLORS continues to accuse of violating the Copyright Act. It is only through this declaratory judgment action that the matter can be put the matter to rest and we ask that the Court determine once and for all that UNICOLORS does not own a Copyright in EC878 and/or that copying did not take place.

## PARTIES

1. GMA ACCESSORIES, INC. is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in the Boro of Manhattan, County of New York, State of New York.

2. UNICOLORS is a corporation duly organized and existing and existing under the State of California with its principal place of business located in California.

3. WAL-MART STORES INC. is a corporation duly organized and existing and existing under the State of Delaware with its principal place of business located in Arkansas.

4. RUE 21, INC., is a corporation duly organized and existing and existing under the State of Pennsylvania with its principal place of business located in Pennsylvania.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this honorable Court pursuant to 28 U.S.C. § 1338.

6. Venue is proper in that GMA ACCESSORIES, INC. resides in the State and County of New York, which lies within the Southern District of New York and a substantial portion of the events surrounding this action occurred within the Southern District of New York.

7. Personal jurisdiction exists pursuant to CPLR §§ 301 and 302.

## **FACTUAL ALLEGATIONS**

8. On October 27, 2015, UNICOLORS caused a letter to be sent to GMA's customer Wal-Mart Stores, Inc. accusing it of violating the Copyright Act with respect to a design that UNICOLORS described as EC878.

9. In the October 27, 2015 letter, and in negotiations that took place thereafter, UNICOLORS declined to provide proof of Copyright ownership in design EC878.

10. UNICOLORS provided a small section of a portion of fabric that it claimed was sold by Wal-Mart, which contained basic geometric shapes.

11. In order to prevail in a Copyright lawsuit, the purported Copyright owner must prove ownership of a valid Copyright and prove copying.

12. UNICOLORS does not own a Copyright in design EC878.

13. Design EC878 is not a derivative of a copyrighted design owned by UNICOLORS.

14. UNICOLORS is not a licensee of design EC878.

15. Design EC878 is not sufficiently original to be subject to copyright.

16. UNICOLORS did not create Design EC878.

17. It is respectfully submitted that UNICOLORS can prove neither ownership of a Copyright nor copying by Wal-mart, Inc.

18. UNICOLORS cannot prove that it owns a Copyright to design EC878.

19. UNICOLORS cannot prove that design EC878 is a derivative of any Copyright that UNICOLORS owns.

20. UNICOLORS cannot prove that Wal-Mart had access to design EC878.

21. UNICOLORS cannot prove that the fabric sold by Wal-Mart is substantially similar to design EC878.

22. UNICOLORS cannot prove that design EC878 is original or contains requisite originality.

23. UNICOLORS cannot prove that the basic geometric shapes that are contained in the design sold by Wal-Mart are not permitted to be sold pursuant to the Copyright Act.

24. On October 27, 2015, UNICOLORS caused a letter to be sent to GMA's customer Rue 21, Inc. accusing it of violating the Copyright Act with respect to a design that UNICOLORS described as EC878.

25. In the October 27, 2015 letter, and in negotiations that took place thereafter, UNICOLORS declined to provide proof of Copyright ownership in design 878.

26. UNICOLORS provided a small section of a portion of fabric that it claimed was sold by Rue 21, which contained basic geometric shapes.

27. In order to prevail in a Copyright lawsuit, the purported Copyright owner must prove ownership of a valid Copyright and prove copying.

28. It is respectfully submitted that UNICOLORS can prove neither ownership of a Copyright nor copying by Rue 21, Inc.

29. UNICOLORS cannot prove that design EC878 is a derivative of any Copyright that UNICOLORS owns.

30. UNICOLORS cannot prove that Rue 21 had access to design EC878.

31. UNICOLORS cannot prove that the fabric sold by Rue 21 is substantially similar to design EC878.

32. UNICOLORS cannot prove that design EC878 is original.

33. UNICOLORS cannot prove that the basic geometric shapes that are contained in the design sold by Rue 21 are not permitted to be sold pursuant to the Copyright Act.

34. GMA Accessories, Inc. is the supplier of the subject designs sold to Wal-Mart Stores, Inc. and Rue 21, Inc.

35. It is respectfully submitted that UNICOLORS can prove neither ownership of a valid Copyright nor copying by GMA Accessories, Inc.

36. UNICOLORS cannot prove that GMA had access to design EC878.

37. UNICOLORS cannot prove that the fabric sold by GMA is substantially similar to design EC878.

38. UNICOLORS cannot prove that the basic geometric shapes that are contained in the design sold by GMA are not permitted to be sold pursuant to the Copyright Act because they lack sufficient originality, are not copied from EC878 which is itself not entitled to Copyright protection.

## **DECLARATORY JUDGMENT**

39. Plaintiff repeats, reiterates, and realleges each and every statement in Paragraphs 1 – 32 as if fully set forth herein.

40. Accordingly, Plaintiff is entitled to a declaratory judgment, pursuant to 28 U.S.C. 2201 and Rule 57 of the Federal Rules of Civil Procedure, that the Design EC878 is not entitled to copyright protection, and if it is entitled to copyright protection that GMA, Wal-Mart Stores, Inc. and Rue 21, Inc. did not infringe on Design 878.

WHEREFORE, Plaintiff demands judgment against defendant as follows:

    i.        A declaratory judgment under 28 U.S.C. 2201(a) that Design EC878 is not entitled to copyright protection, and if it is entitled to copyright protection that GMA, Wal-Mart Stores, Inc. and Rue 21, Inc. did not infringe on Design 878;

    ii.       Attorney's fees and costs as permitted by law.

Dated: New York, New York
       April 25, 2016

                THE BOSTANY LAW FIRM, PLLC

                By:_____s/John P. Bostany_____
                    John P. Bostany(JB1986)
                    Attorney for Plaintiff
                    3 World Financial Center, 24th floor
                    New York, New York 10281
                    (212) 530-4400