UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GMA Accessories, Inc.,

                         Plaintiff,

         - against -

Unicolors, Inc.,

                        Defendant.

**MEMORANDUM OPINION AND ORDER**

16-CV-3072 (JGK) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

This case was referred to the undersigned on July 5, 2016, by the Honorable John G. Koeltl. (Doc. No. 47.) In a letter dated June 30, 2016, Plaintiff GMA Accessories ("GMA") raised an issue concerning the location of the Parties' depositions. (Doc. No. 43.) GMA asked that the Court order depositions to take place in New York "where rulings can more easily be had," and where counsel for Defendant Unicolors frequently travels. (*Id.* at 3.) The Parties appeared before the Court by telephone on July 13, 2016. The Court allowed the Parties to submit argument on this issue by the following day for resolution. The Court notes that the Parties were not able to submit a joint letter. For the following reasons, GMA's application to have the Parties' depositions take place in New York is **DENIED.**

## II. BACKGROUND

Unicolors proposed that the Parties' depositions take place at their respective principal places of business. (Doc. No. 54 at 1.) Under that proposal, GMA would be deposed in New York, and Unicolors would be deposed in Los Angeles. Unicolors argues that deposing each corporation at its principal place of business reduces costs and promotes efficiency. (*Id.* at 3.) It also argues convenience in that Unicolors' executives will not "have to sacrifice multiple business days to travel."

(*Id.*) Under Unicolors' proposal, only attorneys will travel and the Parties will bear their own respective costs, which will in turn "equitably and efficiently apportion[] the cost of discovery." (*Id.*)

GMA argues that there is no detriment in Unicolors' representative traveling to New York because he would only bear the cost of his plane ticket, as opposed to the expense of having attorneys from "two New York defense firms" fly to California. (GMA Reply Mem. of Law at 3). GMA was "baffled" by Unicolors' proposal that GMA's deposition take place in New York because "there was no colorable notion that GMA's deposition would take place anywhere else but New York." (*Id.* at 4.) While GMA conceded that the deposition of Unicolors' CEO would take place in California, it argues that the deposition of Unicolors' "high-level manager" should not take place in Unicolors' "home state." (*Id.*) GMA urges the Court to adopt the reasoning in *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171-72 (S.D.N.Y. 1985)[1], in which the court held that corporate defendants are often deposed in places other than the state of their principal place of business. (Doc. No. 43 at 3.) GMA correctly points out that this is done for the convenience of all parties and in the interests of judicial economy, but that the decision is ultimately made in the court's discretion. (*Id.*)

### III.   DISCUSSION

Based on the record as it is currently presented, the Court adopts Unicolors' proposal. As Unicolors makes clear, GMA bears the burden of inconvenience in arguing why a deposition should take place outside of the Parties' respective locales. (Doc. No. 54 at 2); *see Gulf Union Ins. Co. of Saudi Arabia v. M/V LACERTA*, 1992 WL 51532, at *5 (S.D.N.Y. Mar. 9, 1992) ("[T]he plaintiff is generally required to bear any reasonable burdens of inconvenience that the action presents") (internal

---

[1] In the July 13 telephone conference, the Court allowed the Parties to submit authority in support of their arguments. The Court notes that Plaintiff's counsel relied on one case in his June 30 letter. Counsel did not cite any authorities in his Reply Memorandum of Law.

citations omitted). There exists a general presumption that the deposition of a corporation should take place in its principal place of business. Because it is the plaintiff who chooses the forum and not the defendant, the plaintiff must overcome this presumption with compelling reason. *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, 2003 WL 23009989, at *1 (S.D.N.Y. Dec. 23, 2003) (citing *Buzzeo v. Board of Education, Hempstead,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998)); *Zurich Ins. Corp. v. Essex Crane Rental Corp.,* 1991 WL *12133, at *2-3 (S.D.N.Y. Jan. 29, 1991) (analyzing the cost of the depositions, the convenience to counsel, and the efficiency of the litigation process)).

GMA has not provided sufficient reason to overcome the presumption. The Court agrees that requiring only the attorneys to fly to the opposing Party's principal place of business, with each Party bearing its own costs, provides an equitable distribution of litigation expense. It is also more efficient to allow the corporations to be deposed in their respective locations, rather than requiring both client and attorney to travel cross-country. Unicolors' proposal clearly satisfies the factors that the court considered in *Zurich Ins. Corp.*, 1991 WL *12133, at *2-3.

For the foregoing reasons, **IT IS HEREBY ORDERED** that GMA shall be deposed in New York, and Unicolors shall be deposed in California. The Parties shall bear their own costs. To the extent possible, the Parties are **ORDERED** to carry out the other discovery issues raised by GMA consistent with the rulings made in the July 13 conference. This resolves Doc. Nos. 43 and 51.

**SO ORDERED this 11th day of August 2016.**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3